UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:12-cv-80848-MARRA

PATRICIA ABRAM-ADAMS,

    Plaintiff,

vs.

CITIGROUP INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO ENJOIN PLAINTIFF FROM FUTURE FILINGS
AGAINST DEFENDANT WITHOUT PRIOR COURT APPROVAL
(WITH INCORPORATED MEMORANDUM OF LAW)**

Pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1651, and this Court's inherent Article III powers, Defendant Citigroup, Inc. ("Citigroup") hereby moves to enjoin Plaintiff Patricia Abram-Adams ("Abram-Adams") from filing any new action, complaint, or claim for relief against Citigroup in federal court, state court, or any other forum without first obtaining leave to file such action from this Court.

**INTRODUCTION & SUMMARY OF ARGUMENT**

As discussed at length in Citigroup's *Motion to Dismiss With Prejudice* Abram-Adams's latest Complaint (DE 7), this is the fifth lawsuit, and fourth federal court action, Abram-Adams has filed against Citigroup arising from her brief employment with Citigroup in 2003 and 2004. The first lawsuit, in state court, was compelled to arbitration and then dismissed with prejudice by an arbitrator. The second lawsuit, in this Court (Case No. 09-cv-81447-MARRA ("*PAA I*")), was dismissed when Abram-Adams failed to timely file an amended complaint to correct deficiencies in her initial complaint. The third lawsuit, again in this Court (Case No. 11-cv-

80525-MARRA ("*PAA II*")), was dismissed with prejudice because all of Abram-Adams's claims were barred by the applicable statute of limitations.  And while an appeal of the dismissal of the third lawsuit was still pending, Abram-Adams earlier this year filed a fourth lawsuit (Case No. 12-cv-80339-MARRA ("*PAA III*")), essentially raising the same claims that were dismissed with prejudice in the third lawsuit.

Now, with the fourth lawsuit and two appeals still pending, Abram-Adams has filed this fifth lawsuit (Case No. 12-cv-80848-MARRA("*PAA IV*")), asserting essentially the same claims arising from the same common nucleus of operative fact.[1]

As discussed more fully below, Abram-Adams continues to file frivolous and burdensome lawsuits against Citigroup alleging claims based on the same set of facts that ended, at the latest, at least more than five years ago.  Therefore, this Court should enter an injunction barring Plaintiff from instituting any further action against Citigroup and its affiliates without prior leave of this Court.[2]

**ARGUMENT**

A. **This Court Has the Power and Duty to Grant Injunctive Relief**

Under the All Writs Act, federal courts have the inherent authority to enjoin a vexatious plaintiff from abusing the court system by requiring them to obtain leave of court prior to any filings.  See 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.")  As the Eleventh Circuit has recognized, "[t]he

---

[1] As it currently stands, Abram-Adams has two lawsuits pending in this Court, Case No. 12-cv-80339-MARRA and Case No. 12-cv-80848-MARRA, essentially raising the same more-than-five-year-old claims against Citigroup.  She also has two appeals pending with the U.S. Court of Appeals for the Eleventh Circuit.  Appeal No. 11-13687-CC is Abram-Adams's appeal of this Court's dismissal with prejudice of her Complaint in *PAA II*.  Appeal No. 12-13276-DD is Abram-Adams's appeal of this Court's order denying her motion to disqualify District Judge Marra.

[2] Citigroup filed in *PAA III* a nearly identical Motion to enjoin Abram-Adams from filing further lawsuits against Citigroup without prior leave of Court (see Case No. 12-cv-80339-MARRA, DE 19).  That motion remains pending.

2

court's power to protect its jurisdiction includes the power to enjoin a dissatisfied party bent on relitigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, so long as the injunction does not completely foreclose a litigant from any access to the courts." Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1295 n.15 (11th Cir. 2002). See also Dinardo v. Crow, 199 Fed. App'x 731, 736 (11th Cir. 2006) (finding that district court's injunction against further filings by the plaintiffs without leave of court was authorized).

Not only may the Court grant injunctive relief to prevent Abram-Adams's further harassment of Citigroup, but "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) ("Such action is necessary and prudent to protect the rights of all litigants in the federal system.") Id. at 1071. See also Hilgeford v. People's Bank, Inc., 652 F. Supp. 230, 232-33 (N.D. Ind. 1986) (holding that injunctive relief was proper where *pro se* litigant had filed fourth lawsuit against the same defendant). As the Hilgeford court stated:

> Groundless, vexatious or repetitive lawsuits should not be tolerated by federal courts . . . Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions . . . This court has equitable power to protect defendants from harassment, and to protect itself from the burden of processing frivolous and unimportant papers.

Id. at 232.

### B. An Injunction Requiring Abram-Adams to First Obtain Leave from This Court Before Filing Any New Action against Citgroup Is Appropriate and Necessary

A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood on the merits; (2) irreparable injury will be suffered unless the injunction

3

issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam) (citation omitted) (cited in Laosebikan v. Coca-Cola Co., 415 Fed. App'x 211, 214 (11th Cir. 2011)).

In this instance, all four elements are satisfied.  In Laosebikan, a factually similar case, the Eleventh Circuit held that a permanent injunction preventing a *pro se* plaintiff from filing any future complaints against employer without court approval was not an abuse of discretion where (1) Defendant showed a substantial likelihood on the merits since *res judicata* barred Plaintiff from raising the present complaint; (2) Defendant showed that it would suffer irreparable harm by having to defend itself against a vexatious litigant who repeatedly asserted baseless allegations of fraud and criminal conduct against it; (3) Plaintiff would not be harmed as a result of the injunctions and was not foreclosed from accessing the court because the order only required him to first submit any prospective complaint to the court for screening before it was filed; and (4) the injunction would have no adverse effect on the public interest because contrary to Plaintiff's assertions, this case did not concern a "labor dispute" within the meaning of the Norris-LaGuardia Act and therefore the provisions dealing with permanent injunctions were not applicable to the case.  Laosebikan, 415 Fed. App'x at 215.

In all five of Abram Adams's cases against Citigroup, she has submitted lengthy filings alleging confusing and barely comprehensible claims of age, race, and sex discrimination, as well as state-law tort claims, arising from her employment with Citigroup, which ended more than eight years ago in March 2004.  In addition, in her last four lawsuits, Abram-Adams has asserted that Citigroup somehow violated her rights by moving for and obtaining a dismissal

with prejudice of her employment-related claims in an arbitration proceeding that ended more than five years ago in March 2007. These claims are plainly time barred and, as argued in Citigroup's Motion to Dismiss the latest complaint (DE 7), barred by the doctrine of *res judicata*.

In addition, many of Abram-Adams's pleadings contain claims of "partiality," "favoritism," "personal animus," and "discriminatory animus" by this Court, the arbitrator, Citigroup employees, and Citigroup's attorney. These claims are baseless and have been repeatedly rejected. Nonetheless, Abram-Adams continues to file frivolous lawsuits alleging claims based on the same set of facts.

Finally, Citigroup has met the burden to show irreparable injury because, unless Abram-Adams in enjoined from filing further lawsuits without the Court's permission, Citigroup will continue to be required to expend large amounts of money on defense fees and costs indefinitely, and Citigroup has no way of recovering those monies from Abram-Adams because she is allegedly destitute. Indeed, Citigroup uses an alternative-dispute resolution program, culminating with binding arbitration, in order to ensure the speedy and inexpensive determination of employment disputes. That process was turned on its head in this case, where Citigroup prevailed against Abram-Adams in arbitration ***more than five years ago*** and, since that time, has had to defend four more lawsuits and two appeals that should never have occurred in the first place under its ADR program. If the Court requires any more proof that Abram-Adams will continue to harass Citigroup unless an injunction is entered, the Court need look no further than the fact that Abram-Adams filed the current lawsuit, *PAA IV*, less than two months after Citigroup moved in *PAA III* to enjoin her from filing any more lawsuits without prior court permission.

As the Eleventh Circuit has made clear, a district court has the "inherent power and constitutional obligation" to stop a plaintiff's "abuse of the judicial processes" by fashioning an injunctive remedy where the plaintiff has filed frivolous complaints in an attempt to "relitigate specific claims arising from the same set of factual circumstances that have been litigated and adjudicated in the past." Traylor v. City of Atlanta, 805 F.2d 1420, 1422 (11th Cir. 1996) (quoted in Lipner v. Hallmark Marketing Corp., 2003 WL 23809045, at *4 (S.D. Fla. 2003)). "Three or four lawsuits over one employment relationship is enough." Riccard, 307 F.3d at 1295 (holding that the district court did not abuse its discretion in prohibiting Plaintiff from filing any new action against Defendants unless he first obtained leave to file from the district court).

## CONCLUSION

For the foregoing reasons, Citigroup respectfully requests that the Court enter an injunction barring Plaintiff from instituting any further action against Citigroup and its affiliates, employees, representatives or attorneys without prior court approval.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
Counsel for Citigroup, Inc.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131
(305) 374-0506
(305) 374-0456 (fax)

By:   s/ David DeMaio
David M. DeMaio, Esq.
Florida Bar Number 886513
david.demaio@ogletreedeakins.com
Jaclyn Rodriguez, Esq.
Florida Bar No. 92994
jaclyn.rodriguez@ogletreedeakins.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 28, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/ David DeMaio
        DAVID M. DeMAIO

## SERVICE LIST

*PATRICIA ABRAM-ADAMS v. CITIGROUP, INC.*
CASE NO. 9:12-cv-80848-MARRA
United States District Court, Southern District of Florida

Patricia Abram-Adams
240 SW Third Court
Deerfield Beach, Florida 33441

*Plaintiff*
Method of Service: *Notice of Electronic Filing and U.S. Mail*

David M. DeMaio, Esq.
david.demaio@ogletreedeakins.com
Jaclyn Rodriguez, Esq.
jaclyn.rodriguez@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone: 305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant*
Method of Service: *Notice of Electronic Filing*

13060481.1 (OGLETREE)