UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80848-CIV-MARRA

PATRICIA ABRAM-ADAMS,

    Plaintiff,

vs.

CITIGROUP, INC.,

    Defendant.
_____/

## OPINION AND ORDER

This cause comes before the Court upon Defendant's Motion to Dismiss with Prejudice Plaintiff's Amended Complaint (with Incorporated Memorandum of Law) (DE 11); and Defendant's Motion to Enjoin Plaintiff from Future Filings Against Defendant without Prior Court Approval (with Incorporated Memorandum of Law) (DE 8). Plaintiff responded to both. (DE 12; DE 13). No replies were filed. The Court has reviewed Defendants' motions as well as Plaintiff's responses and is otherwise advised in the premises.

To date, Plaintiff has filed five lawsuits (four in federal court) against Defendant Citigroup arising from an employment relationship that ended in 2004. Upon Plaintiff's appeal in the third lawsuit against Citigroup—the second in federal court—the Eleventh Circuit described the background of Plaintiff's claim as follows:

> Abram–Adams's claims arise from: (1) her employment with Citigroup in 2003–04; and (2) an arbitrator's dismissal of her discrimination complaints against Citigroup in March 2007. Citigroup terminated Abram–Adams's employment in March 2004, and Abram–Adams in turn filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC). The EEOC dismissed Abram–Adams's charge and issued her a "right-to-sue" letter on September 30, 2004. Following the dismissal, Abram–Adams brought a state-court civil action against Citigroup that

> resulted in arbitration, pursuant to the arbitration clause in her Citigroup employment contract. The arbitrator dismissed Abram–Adams's claims with prejudice on March 31, 2007.
>
> Two years later, Abram–Adams filed a complaint in the United States District Court for the Southern District of Florida. On March 19, 2010, the district court dismissed Abram–Adams's 343–page complaint under Federal Rule of Civil Procedure 8. In the dismissal, the district court gave Abram–Adams until April 9, 2010, to file an amended complaint. Having received no amended complaint by that date, the court entered an order dismissing the complaint without prejudice on April 13, 2010. Abram Adams filed her amended complaint one year later, which the district court promptly dismissed sua sponte. The court advised Abram–Adams that if she wished to pursue her claims against Citigroup, she would have to initiate a new civil action since the time to amend her complaint had expired. And so, on May 9, 2011, Abram–Adams filed the second civil action that forms the basis for this appeal.

*Abram-Adams v. Citigroup, Inc.*, 11-13687, 2012 WL 4901166, at *1 (11th Cir. Oct. 16, 2012).

The Eleventh Circuit concluded, as does the Court here (for the second time), that Plaintiff's claims are time-barred:

> In Abram–Adams's case, all of her tort and employment discrimination claims accrued on March 25, 2004, the date of her termination. Her other claims accrued on March 31, 2007, the day the arbitrator dismissed her case. In both cases, more than four years had passed when she filed her second complaint on May 9, 2011. None of Abram–Adams's claims survive their respective statutes of limitations: (1) Title VII claims—within 90 days after receipt of the EEOC "right-to-sue" letter, *see* 42 U.S.C. § 2000e–5(f)(1); (2) 42 U.S.C. §§ 1981, 1983, and 1985 claims—four-year statute of limitations in Florida, *see Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam) (statute of limitations for §§ 1983 and 1985 claims); *Baker v. Gulf & W. Indus., Inc.*, 850 F.2d 1480, 1481 (11th Cir. 1988) (statute of limitations for § 1981 claims); (3) Florida Civil Rights Act claims—four-year statute of limitations, *see Seale v. EMSA Corr. Care, Inc.*, 767 So.2d 1188, 1189 (Fla. 2000); and (4) assault and negligence claims—four-year statute of limitations, *see* Fla. Stat. § 95.11(3).

*Id.* at *2. Plaintiff's Amended Complaint in the instant case makes the same allegations the Eleventh Circuit has already found to be time barred.[1] Defendant's motion to dismiss is accordingly granted

---

[1] The Court notes that Plaintiff has restyled and reorganized her claims into two counts: 1) breach of contract; and 2) gender-motivated violence act. (DE 9 at 20, 26). Notwithstanding their new names, these claims are identical to those the Eleventh Circuit addressed. (*See* DE 11 at 4 n.3).

with prejudice. The only remaining issue to resolve is whether Plaintiff shall be restricted from filing such baseless claims in the future.

Defendant moves to enjoin Plaintiff from future filings against Defendant without prior court approval. The All Writs Act, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28. U.S.C. § 1651, affords the Court "the power to enjoin litigants who are abusing the court system by harassing their opponents." *Laosebikan v. Coca-Cola Co.*, 415 F. App'x 211, 215 (2011) (citing *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)); *see also Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002). "The only restriction [the Eleventh Circuit] has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be 'completely foreclosed from *any* access to the court.'" *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (emphasis in original) (*en banc*) (*per curiam*)); *see also Dinardo v. Palm Beach Cnty. Circuit Ct. Judge*, 199 F. App'x 731, 736–37 (11th Cir. 2006).

> "A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Laosebikan*, 415 F. App'x at 214 (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*) (*per curiam*)). Here, Defendant shows a substantial likelihood of success on the merits of any future litigation because Plaintiff's claims are time barred. Defendant also shows that it would suffer irreparable harm by having to defend itself against a vexatious litigant who repeatedly asserts baseless allegations against it. *See id.* at 215. Moreover, Plaintiff is not harmed as a result of the

3

injunction and is not foreclosed from accessing the Court because, as detailed below, this order only requires her to first submit any prospective complaint to the Court for screening before the complaint is filed. And finally, issuance of the injunction would not be adverse to the public interest because the injunction prevents "further harassment of [Defendant], further clogging of the judicial machinery with meritless pleadings, and further overloading of already overloaded court dockets." *Riccard*, 307 F.3d at 1295.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Laosebikan*, 415 F. App'x at 214–15 (quoting *Procup*, 792 F.2d at 1073). To that end, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss with Prejudice Plaintiff's Amended Complaint (with Incorporated Memorandum of Law) (DE 11) is **GRANTED.** Plaintiff's Amended Complaint (DE 9) is **DISMISSED WITH PREJUDICE.** Defendant's Motion to Enjoin Plaintiff from Future Filings Against Defendant without Prior Court Approval (with Incorporated Memorandum of Law) (DE 8) is also **GRANTED.** Plaintiff is **ENJOINED** from filing any new action, complaint, or claim for relief against Defendant Citigroup, Inc., its affiliates, subsidiaries, or attorneys in federal court, state court, and federal and state administrative and executive agencies and departments unless she first obtains leave to file from the district court. Leave will be freely given if the new action does not involve Plaintiff's former employment with Defendant. "Three or four [*or five*] lawsuits over one employment relationship is enough." *Riccard*, 307 F.3d at 1295. The Clerk

shall **CLOSE** this case.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, this 6th day of February, 2013.

_____
KENNETH A. MARRA
United States District Judge